

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA<br>Plaintiff,<br>v.<br>CAN I HAVE MONEY LLC and RALPH MISSRY<br>Defendants. | §<br>§<br>§<br>§<br>§ Case No. SA25CA1112 XR<br>§<br>§<br>§ |

### PLAINTIFF'S ORIGINAL COMPLAINT

1. This action seeks statutory damages and injunctive relief to stop Defendants Can I Have Money LLC, and its owner, Ralph Missry from orchestrating and conducting a persistent and unlawful telemarketing campaign that bombards Plaintiff Mark Anthony Ortega ("Plaintiff") with unsolicited, harassing telemarketing calls to market business financing goods and services. The calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commerce Code, Chapters 302 and 305.

2. Defendant Ralph Missry is the founder, organizer, and controlling individual of Defendant Can I Have Money LLC. Upon information and belief, Defendant Missry personally directs, authorizes, and participates in the unlawful telemarketing activities described herein. Furthermore, according to the New York Department of State, Defendant Can I Have Money LLC's Statement Status is "PAST DUE," demonstrating a disregard for corporate formalities requisite to maintaining liability protection. For these reasons, Defendant Missry is not shielded by the corporate form and is personally liable for the violations of law alleged in this complaint.

3. Defendants' conduct has caused Plaintiff harm, including the invasion of his privacy, aggravation, annoyance, and wasted time.

### BACKGROUND ON THE TCPA

4. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

5. Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. *See Omnibus TCPA Order,* 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015). The TCPA remains a vital tool for combating these abuses, and its private right of action is essential to empower individuals to hold violators accountable.

6. The TCPA specifically prohibits the use of automated telephone dialing systems or pre-recorded voice messages to make telemarketing calls to cellular telephones without the prior express consent of the called party. Additionally, the TCPA strictly forbids telemarketing calls to numbers listed on the National Do Not Call Registry. These provisions are designed to protect consumers from the unique harms associated with these types of intrusive calls, including wasted time, invasion of privacy, and the potential for economic loss.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

8. Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302 and § 305. While the Texas Business and Commerce Code, Chapter 302 and 305, is a state law, it complements and supplements the federal TCPA by providing additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

9. In this instance, the claims under the Tex. Bus. & Com. Code § 302 and § 305, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendants' telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302 and § 305.

10. This Court has personal jurisdiction over the Defendants as they purposefully directed their unlawful telemarketing activities at Texas and specifically at Plaintiff, who resides in this district. By soliciting business from Texas residents, Defendants purposefully availed themselves of the privilege of conducting activities within the State of Texas.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

12. Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

13. Defendant Can I Have Money LLC is a New York limited liability company. The address for service of process is 1052 E 10th St, Brooklyn, New York 11230. Its principal place of business is listed on its public profiles as 1408 Avenue J, Brooklyn, New York 11230.

3

14. Defendant Ralph Missry is an individual who resides in and conducts business from Kings County, New York. He may be served at his address is 1408 Avenue J, Brooklyn, NY 11230.

15. Defendants are both categorized as a "person" as that term is defined by 47 U.S.C. § 153(39).

**FACTUAL BACKGROUND**

16. On or about January 23, 2012, Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number"), with the National Do Not Call Registry. Plaintiff has never de-listed this number.

17. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

18. Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

19. Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

20. Plaintiff has never had any prior business relationship with Defendants, has never been a customer, and has never granted express written consent to Defendants or any entity acting on their behalf to receive telemarketing calls.

21. On or about July 11, 2025, Plaintiff received an unsolicited telemarketing text message on his cellular telephone from the number (786) 627-5988. The message stated: "Hey Mark, I noticed you've been in touch with multiple brokers regarding Simple Tronix. I believe in a more straightforward approach. What amount would work for you if I can secure approval today?"

22. The message was an unsolicited advertisement for business financing, a service offered by Defendants. Plaintiff did not recognize the sender and replied, "Whose this?" and "From which company? Whats the website".

23. The sender, identifying himself as "Liam," responded with a further solicitation for capital for small and medium-sized businesses. When pressed for a website, the sender provided a direct link to Defendants' business: "You are welcome to check us out online https://www.canihavemoney.com/".

24. The website www.canihavemoney.com is owned and operated by Defendant Can I Have Money LLC.

25. Approximately six weeks later, on or about August 21, 2025, Plaintiff received a second unsolicited telemarketing text message on Plaintiff's Number from a different telephone number, (937) 872-4742. This message was a similar solicitation for financing, stating: "Hi Mark, I can arrange flexible credit for Simple Tronix. What's the right starting figure to get things rolling?"

26. Once again, Plaintiff did not recognize the sender and replied, "Whose this" and "From which company".

27. In a deceptive and evasive tactic, the sender, who identified himself as "Logan," refused to provide the company's name via text message. Instead, the sender stated: "Send me your email. So I can tell you our company name." This practice forced Plaintiff to engage further and provide personal information simply to identify the party responsible for the unlawful solicitation.

28. For the sole purpose of identifying the soliciting entity, Plaintiff provided his email address. Shortly thereafter, Plaintiff received an email from "Logan Andrews" at the email address logan@canihavemoney.com.

29. This email explicitly identified the sender's company as Defendant Can I Have Money LLC, stating: "Our company name is Can I Have Money LLC."

30. The unsolicited text messages received by Plaintiff on July 11, 2025, and August 21, 2025, were both initiated by or on behalf of Defendant Can I Have Money LLC for the purpose of soliciting its business financing services.

31. Upon information and belief, this unlawful telemarketing campaign was directed, authorized, and/or carried out with the direct knowledge of Defendant Ralph Missry, the founder, organizer, and controlling person of Can I Have Money LLC.

32. Defendants' actions of repeatedly soliciting Plaintiff's residential telephone number were willful and knowing violations that caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, wasted time, anxiety, depletion of his cellular phone's battery life and intrusion upon seclusion.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c))

33. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 32.

34. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

35. At all relevant times mentioned herein, Plaintiff's cellular telephone number, (210) 744-9663, was and remains registered on the National Do-Not-Call Registry. Plaintiff's number had been on the Registry for more than 31 days prior to Defendants' calls.

6

36. Defendants, in violation of 47 U.S.C. § 227(c), initiated, or caused to be initiated, multiple telephone solicitations to Plaintiff's registered telephone number for the purpose of encouraging the purchase of their business financing services.

37. Defendants did not have Plaintiff's prior express written consent to place these telemarketing calls, nor did they have an established business relationship that would exempt them from the TCPA's prohibitions.

38. The aforementioned violations were made willfully and knowingly. Defendants' willful intent is evidenced by their use of multiple telephone numbers to send solicitations, their evasive tactics designed to conceal their identity until Plaintiff provided personal information, and their continuation of a telemarketing campaign in blatant disregard for the National Do Not Call Registry. As the controlling individual, Defendant Missry knew or should have known of these practices and is directly or vicariously responsible for them.

39. As a direct and proximate result of Defendant's violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendants' violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award treble damages up to $1,500 for each violation.

## COUNT II
### Violation of the Texas Business and Commerce Code
### (Tex. Bus. & Com. Code § 302.101)

40. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 32.

41. Defendants engaged in "telephone solicitation" as defined by Tex. Bus. & Com. Code § 302.001(7), as their unsolicited calls to Plaintiff were made for the purpose of soliciting to encourage the purchase of their business financing services.

42. Tex. Bus. & Com. Code § 302.101 requires a person to register with the Texas Secretary of State before making telephone solicitations to a consumer in Texas.

43. A diligent search of the Texas Secretary of State's publicly available telemarketer database, conducted by Plaintiff on August 26, 2025, confirming that the Defendants are not registered as telemarketers as is required to legally engage in telemarketing in the State of Texas. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

44. Defendants' failure to register before placing telemarketing calls to Plaintiff constitutes multiple, separate violations of this chapter. Section 302.302(a) of the Texas Business and Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

45. Furthermore, § 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT III
### Violation of the Texas Business and Commerce
### (Tex. Bus. & Com. Code § 305)

46. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 32.

47. Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number has been registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

48. As alleged in detail in Count I, Defendants violated 47 U.S.C. §227(c) by initiating multiple telephone solicitations to Plaintiff's telephone number, despite the number being registered on the National Do Not Call List.

49. Because Defendants' conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

50. Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

51. Furthermore, because Defendants' violations were committed knowingly or intentionally, Plaintiff is entitled to an award of treble damages up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief against the Defendants jointly and individually:

A. For Defendants' violations of the TCPA, 47 U.S.C. § 227(c), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

B. For Defendants' violations of the Texas Business & Commerce Code § 302.101, award Plaintiff statutory damages of up to $5,000.00 for each and every violation;

C. For Defendants' violations of the Texas Business & Commerce Code § 305, award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was knowing or intentional, thereby increasing the damages to $1,500.00 for each and every violation;

D. Issue a permanent injunction prohibiting Defendants, their agents, and employees from placing any further telephone solicitations to Plaintiff in violation of the TCPA and the Texas Business and Commerce Code;

E. Award Plaintiff all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses incurred by Plaintiff pursuant to Tex. Bus. & Com. Code § 302.302(d);

F. Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

G. Grant any other and further relief, both at law and in equity, that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.

Dated: August 26, 2025                                         Respectfully submitted,

_____
Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
210) 744-9663