**FILED**
October 21, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA, § § Plaintiff, § § v. § § CAN I HAVE MONEY LLC, RALPH § MISSRY, § § Defendants. § | CIVIL ACTION NO. 5:25-CV-01112-MA |

## ORDER

The Court now considers Plaintiff Mark Anthony Ortega's "Motion for Alternative Service of Process."[1] Plaintiff requests an order allowing substituted service of process on Defendants Can I Have Money LLC and Ralph Missry, who Plaintiff identifies as the founder and registered agent of Can I Have Money LLC, by sending a text message to the phone number Defendant used to communicate with Plaintiff.[2] After considering the motion, record, and relevant authorities, the Court DENIES Plaintiff's motion.

This is a Telephone Consumer Protection Act unsolicited communications case. Plaintiff commenced this case on September 2, 2025.[3] Plaintiff provides affidavits from his process servers averring that when the servers attempted service twice at the principal place of business and once at the registered agent address listed on Defendant Can I Have Money LLC's articles of formation, they were informed Defendants had moved and were no longer available at these

---

[1] Dkt. No. 8.
[2] *Id.*
[3] Dkt. No. 1.

locations.[4] Plaintiff subsequently contacted Defendant Ralph Missry via text message.[5] Though Defendant Ralph Missry confirmed his identity over text, he declined to provide a valid address for service or agree to alternative means by which service could be effectuated.[6]

Under Federal Rules of Civil Procedure 4(e) and 4(h), a plaintiff may effectuate service of process in cases such as this by following the law of the State where this Court is located. Texas Rule of Civil Procedure 106(b)(2) provides:

> Upon motion supported by a statement---sworn to or before a notary or made under penalty of perjury---listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.[7]

Texas law prefers personal service over substituted service due to the greater reliability of personal service.[8] Plaintiff must demonstrate in his or her affidavit that substitute service is necessary to effectuate service.[9]

After reviewing the evidence in this case, it is not clear to the Court that further attempts to serve Defendants Can I Have Money LLC and Ralph Missry would be futile. Though Plaintiff has made clear and earnest attempts to effectuate service, these efforts have not sufficiently exhausted ordinary service channels to warrant substitute service. Though a plaintiff can demonstrate necessity by showing, for example, that he or she "has gone to great length and

---

[4] Dkt. No. 8, Exh. A–B.
[5] Dkt. No. 8, Exh. C.
[6] *Id.*
[7] Tex. R. Civ. P. 106(b)(2).
[8] *Taylor v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin 2009, no pet.).
[9] *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022) (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

expense to locate a physical address for the defendant but was ultimately unsuccessful,"[10] such extensive effort is not in all cases required. However, diligent effort to serve process often requires more than a cursory search of registered business addresses. At a minimum, a plaintiff suing a limited liability corporation should make a concerted effort to serve each member of the defendant entity or demonstrate that he or she has attempted to locate the limited liability corporation's members using all reasonably available resources and public records.[11]

Accordingly, the Court **DENIES** Plaintiff's motion. Plaintiff must serve all defendants **on or before December 1, 2025**.

IT IS SO ORDERED.
DONE this 21st day of October, 2025, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[10] *Garza v. Armstrong*, No. 3:22-CV-00418, 2023 WL 2842766, at *1 (S.D. Tex. Apr. 6, 2023), at *1 (citing *Cothran v. Koomson*, No. 4:20-CV-00481, 2021 WL 9095766, at *4 (E.D. Tex. Oct 6, 2021) (granting substitute service under Texas Rule of Civil Procedure 106(b) where plaintiff hired three private detectives)).

[11] *See, e.g.*, *Marvici v. Roche Facilities Maint. LLC*, No. 21CIV4259PAEJLC, 2021 WL 5323748 (S.D.N.Y. Oct. 6, 2021).